STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, APPELLANT, V. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY, APPELLEE.

FILED MARCH 1, 1927. No. 25622.

1. **Mandamus:** RAILROADS: TRAIN CREWS. While mandamus will lie to compel a railroad company to comply with the law as to the size of its train crews, it cannot be invoked to compel such railroad company to provide a larger crew than the law plainly prescribes.
2. **Railroads:** TRAIN CREWS. The law of Nebraska does not provide, except in the case of main line freight trains carrying both passengers and freight, that mixed trains shall have and use two brakemen.
3. **Affirmance.** The record examined and the judgment of the district court *held* without error and affirmed.

APPEAL from the district court for Douglas county: WILLIAM G. HASTINGS, JUDGE. *Affirmed.*

*O. S. Spillman, Attorney General,* and *Hugh LaMaster,* for appellant.

*Wymer Dressler* and *Robert D. Neely, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ., and SHEPHERD, District Judge.

SHEPHERD, District Judge.

In this case the appellant complains because the district judge refused to issue an order in mandamus requiring the appellee, a railway company, to have and to use two brakemen on its mixed trains. Appellant insists that the law of Nebraska provides that each mixed train shall carry two brakemen, and assigns as the single error relied upon the

failure of the trial court so to hold.  The said court refused to hold that the full crew statute applies to mixed trains, that is, trains carrying both freight cars and passenger cars.

It is probable, though we do not decide, that the state may under the police power regulate the size of the train crews on all railroad trains, and that enactments of the legislature in that behalf are not violative of the federal Constitution. It may be admitted, too, that the transportation act of 1920 does not concern train crews.  We are also inclined to agree with counsel that sections 5331 and 5337, Comp. St. 1922, and indeed all of the provisions of the law, should be considered together for the purpose of arriving at the intention of the legislature.

But we are of opinion that the district court made no mistake in deciding that the legislature did not undertake to prescribe the size of the crew of the mixed train.  It is true that the title of the legislative act evinces an intent to protect the lives and property of the traveling public, and railway employees generally, but, except in the case of freight trains on main lines carrying passengers, we find no language in the title or act directly imposing on the roads any duty in the matter of the crews of mixed trains.

The argument of the appellant is that the legislature surely did not intend that a railroad might attach a passenger car to a string of 100 boxes and flats, and by that simple expedient avoid the necessity of carrying a second brakeman; that its intention was clearly to divide all trains into two classes, freight trains and passenger trains, with trains made up of both freight and passenger cars rated as in the freight train class.  Appellant therefore calls attention to section 5337, which concludes with the words "provided, main line local freight trains running one hundred miles or more and carrying passengers * * * shall be provided with * * * three brakemen," and declares that if, as is proper, this be construed in *pari materia* with section 5331 of the statutes, which reads in its concluding lines, "provided, mixed freight and passenger trains shall not be considered passenger trains," the conclusion is unescapable that

the mixed train falls into the category of the freight train and must be governed accordingly. And the law is clear that the freight train must carry two brakemen.

This is persuasive, yet not sound, in our opinion. The last quoted words, "provided, mixed freight and passenger trains shall not be considered passenger trains," though from an act considered and passed at the same session as the full crew act, is from an act relating to gasoline motor cars, and is probably of special and limited application in connection with the particular conditions therein described. It is not sufficient to support appellant's contention.

In the second place, even if the words under consideration were of general application, they can mean no more than they say. To say that mixed trains are not passenger trains is not to say that they are freight trains. Such a conclusion could only follow if there were a hard and fast provision in the law that all trains are either passenger trains or freight trains. No such provision exists.

So, a custom has grown up of calling a train made up of both freight and passenger cars and carrying both passengers and freight a "mixed train." *"Mixed train"* has come to have definition accordingly. Legislators and everybody else recognize the term and its meaning. Because of its function, the way it naturally operates, the legislature has not seen fit to prescribe the size and character of its crew. Until it does the road cannot be required to furnish its mixed trains with another brakeman. While mandamus will lie to compel a railroad company to comply with the law as to the size of its train crew, it cannot be invoked to compel the road to provide a larger crew than the law plainly prescribes.

We are confirmed in our conclusion by the fact that the penalty section of the act provides no punishment in connection with mixed trains. The penalty section is usually particular and specific, and the omission to mention mixed trains in such section argues that the legislature did not mean to include such trains in the regulation of the act.

It follows that the judgment of the district court is

AFFIRMED.