J. F. MOREDICK, APPELLEE, V. CHICAGO & NORTHWESTERN RAILWAY COMPANY, APPELLANT.

FILED JANUARY 26, 1934. No. 28653.

*Wymer Dressler, Robert D. Neely* and *Hugo J. Lutz,* for appellant.

*Gray & Brumbaugh,* for appellee Moredick.

*Paul F. Good, Attorney General,* and *Edwin Vail,* for Nebraska State Railway Commission.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and CLEMENTS, District Judge.

DAY, J.

This is an appeal from an order of the state railway commission requiring the Chicago & Northwestern Railway Company in the operation of its motor cars to comply with section 74-519, Comp. St. 1929, commonly known as the "full crew" law, relating to passenger trains. The plaintiff, J. F. Moredick, is the agent of the national organization of railroad trainmen. A number of motor trains are involved, but there is no disputed question of fact as they are all motor cars, some of them with one trailer, and are operated as trains with a crew consisting of a motorman, a conductor, and a man who is alleged to perform the duties of expressman, baggageman, and brakeman. The order of the commission is based solely upon the provisions of the statute, and the determination of this case requires a construction of section 74-519, Comp. St. 1929, which reads: "It shall be unlawful for any railroad company doing business in the state of Nebraska to operate or run over its road or any part thereof, or suffer or permit to be run over its road or any part thereof, outside of the yard limits, any passenger, mail or express train carrying passengers, whose regular equipment consists of more than five cars, with a crew, consisting of less than one engineer, one fireman, one conductor, one brakeman and one flagman; and further provided, passenger trains whose regular equipment consists of five cars or less may be operated with a crew consisting of one engineer, one fireman, one conductor and one brakeman or flagman."

Does the foregoing provision of the statute apply to a motor car or motor train? This provision was originally enacted as a part of chapter 98, Laws 1909. At the same session, there was enacted other legislation (Laws 1909, ch. 97) relating to gasoline motor cars. True, this other legislation related to toilets and smoking compartments. Nevertheless, the legislature recognized the classification of motor cars just as they have freight, passenger, and mixed trains. It also recognizes the distinction between

steam passenger trains and gasoline motor cars or motor trains. At the time of the passage of the "full crew" law, motor cars were recognized as a different and distinct classification of trains and have come to have a definition accordingly which legislators and everybody else recognize as a separate classification. The legislature has not seen fit to prescribe the size and character of its crew. Until it does, there is no power lodged in this court to require the railroad company to comply with the statute. In this respect, this case is analagous to and is controlled by the case of *State v. Chicago, St. P., M. & O. R. Co.*, 115 Neb. 306.

It is further evident from the language of the section that it was not intended to apply to motor cars or motor trains. The quoted statute provides that a passenger train of less than five cars may be operated with a crew consisting of one engineer, one fireman, one conductor, and one brakeman or flagman. There is no purpose to be served now and there was not at the time of the enactment of the statute in having a fireman and engineer on such a train, so that, in order to hold this statute applicable to a motor train, it would be necessary in effect for this court to amend the provisions of the law. This we decline to do. This language clearly indicates that it was not the legislative intent to regulate motor cars.

The railway commission in its order did not pretend to exercise any independent legislative authority under its constitutional powers but based the order solely upon the erroneous assumption that the statute was applicable to motor cars.

Since section 74-519, Comp. St. 1929, the "full crew" law, is not applicable to motor trains, the order of the railway commission is reversed and the complaint dismissed.

REVERSED AND DISMISSED.